IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Christine M. Arguello
Magistrate Judge Nina Y. Wang

Case No. 18-cv-01724-CMA-NYW

OTTER PRODUCTS, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

STAGE TWO NINE, a California
corporation, and JUSTIN L'HEUREUX,

      Defendants.

---

**DEFENDANTS STAGE TWO NINE AND JUSTIN L'HEUREUX'S ANSWER AND AFFIRMATIVE DEFENSES TO OTTER PRODUCTS, LLC'S COMPLAINT AND JURY DEMAND**

---

Defendants STAGE TWO NINE, a California corporation ("Stage Two"), and JUSTIN L'HEUREUX ("L'Heureux", collectively with Stage Two, "STN" or "Defendants") hereby respond to the Complaint and Jury Demand of Plaintiff OTTER PRODUCTS, LLC ("Otter" or "Plaintiff") as follows, listed by paragraph number:

1. Defendants admit that Stage Two Nine took and provided to Lifeproof copies of photographs relating to certain Lifeproof products. This paragraph contains legal conclusions that require no admission or denial. The remainder of this paragraph is denied.

2. Stage Two Nine provided copies of the Alaska images to Lifeproof under protest in July 2018. Otter made unequivocal demands for Stage Two Nine to accede to, and when

1

Stage Two Nine refused, Otter sued in a foreign forum. This paragraph contains legal conclusions that require no admission or denial. The remainder of this paragraph is denied.

3. Defendants lack sufficient information to admit or deny, and deny on that basis.

4. Defendants admit the first sentence. The address in the second sentence has been associated with L'Heureux. The remainder of this paragraph is denied.

5. The first sentence is admitted. The second sentence contains legal conclusion that requires neither admission nor denial. The remainder of this paragraph is denied.

6. This is a legal conclusion that requires neither admission nor denial. This paragraph is denied.

7. This is a legal conclusion that requires neither admission nor denial. This paragraph is denied.

8. This is a legal conclusion that requires neither admission nor denial. This paragraph is denied.

9. This paragraph is denied.

10. This paragraph is denied.

11. This paragraph is denied.

12. This paragraph is denied.

13. This is a legal conclusion that requires neither admission nor denial. This paragraph is denied.

14. Defendants admit L'Heureux took photographs in relation with certain LifeProof products and delivered copies of those photographs to LifeProof, which also involved participating in the setup and design of photo shoots. Defendants further admit all retentions

were as an independent contractor, and not as an employee. The remainder of this paragraph is denied.

15. Defendants admit there is an ICA, and that they have not herteofor asserted any rights or claims in connection with images taken under the L'Heureux ICA. Defendants lack information about the alleged VHP ICA that would allow them to admit or deny allegations concerning it, except that they deny being bound in any way by the alleged document. This paragraph is legal conclusion that requires neither admission nor denial. This paragraph is denied.

16. Defendants admit the L'Heureux ICA governed photographs delivered to LifeProof prior to its April 30, 2016 termination date. This paragraph contains legal conclusions about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. The remainder of this paragraph is denied.

17. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

18. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

19. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

20. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

21. Admitted that one or more of the Defendants generated thousands of pictures

during numerous location based shoots throughout the United States under the L'Heureux ICA.

22. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

23. Defendants admit Plaintiff paid for the ICA Images. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. The remainder of this paragraph is denied.

24. This paragraph contains legal conclusions and summarizing language about the L'Heureux ICA. The L'Heureux ICA's terms speak for themselves. This paragraph is denied.

25. This paragraph is denied.

26. Plaintiff provided notice of termination to L'Heureux and specified the effective date was April 30, 2016.

27. Defendants admit that Plaintiff thereafter directly retained L'Heureux or Stage Two Nine for LifeProof product-specific images on certain instances, and that on other instances VHP engaged L'Heureux or Stage Two Nine to for LifeProof product-specific images. The retentions were as independent contractor. The remainder of this paragraph is denied.

28. Defendants admit L'Heureux attended said shoots, generated and delivered to LifeProof images from those shoots. The remainder of this paragraph is denied.

29. This paragraph is denied.

30. This paragraph is denied.

31. Defendants admit that said invoices were paid. The remainder of this paragraph is denied.

32. Defendants admit that L'Heureux also engage in photographic services as an

independent contractor to VHP. The remainder is denied.

33. Defendants lack sufficient information to admit or deny this paragraph. This paragraph is accordingly denied.

34. The VHP ICA speaks for itself and this paragraph contains legal conclusion that need not be admitted or denied s. Defendants lack sufficient information to admit or deny this paragraph. Defendants are not parties to any such alleged agreement. This paragraph is accordingly denied.

35. The VHP ICA speaks for itself and this paragraph contains legal conclusions that need not be admitted or denied. Defendants lack sufficient information to admit or deny this paragraph. Defendants are not parties to any such alleged agreement. This paragraph is accordingly denied.

36. The VHP ICA speaks for itself and this paragraph contains legal conclusions that need not be admitted or denied. Defendants lack sufficient information to admit or deny this paragraph. Defendants are not parties to any such alleged agreement. This paragraph is accordingly denied.

37. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

38. This paragraph is a definitional paragraph that does not contain facts for admitting or denying. This paragraph is denied.

39. Defendants lack sufficient information to admit or deny this paragraph. This paragraph is accordingly denied.

40. Defendants admit L'Hueruex delivered the images to LifeProof. The remainder

of this paragraph is denied.

41. Defendants admit VHP paid its invoices. The remainder of this paragraph is denied.

42. Defendants admit that L'Heureux discussed the potential photo shoot in Alaska, including potential dates for a shoot. The remainder of this paragraph is denied.

43. This paragraph is admitted.

44. This paragraph is admitted.

45. Defendants lack information sufficient to admit or deny this paragraph. This paragraph is accordingly denied.

46. L'Heureux has not been paid for the Alaska Images. Defendants lack sufficient information to admit or deny the remainder of this paragraph. The remainder of this paragraph is accordingly denied.

47. Defendants admit this paragraph.

48. Defendants admit that LifeProof made a May 24, 2018 demand for a hard drive containing the Alaska Images. The remainder of this paragraph is denied.

49. Defendants admit that the Alaska Images were delivered to LifeProof on a hard drive under protest in July 2018.

50. The correspondence is written and speaks for itself. Defendants admit that the written correspondence took place. The remainder of this paragraph is denied.

51. This is an incorporation paragraph and Defendants incorporate their prior admissions and denials as if stated herein.

52. Defendants admit they previously claimed federal copyright ownership over the

Project Specific Images and VHP Images. Defendants also admit that Stage Two Nine made demand for compensation in return for rights that had not theretofore been provided to Plaintiff. The remainder of this paragraph is denied.

53. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

54. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

55. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

56. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

57. Defendants deny that Plaintiff is entitled to the declaratory relief that it seeks in this paragraph. This paragraph contains legal conclusions that need not be admitted or denied. This paragraph is denied.

58. This is an incorporation paragraph and Defendants incorporate their prior admissions and denials as if stated herein.

59. This paragraph is denied.

60. This paragraph is denied.

61. Defendants lack sufficient information to admit or deny this paragraph. This

paragraph is accordingly denied.

62. This paragraph is denied.

63. This paragraph is denied.

64. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

65. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

66. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

67. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

68. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

69. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

70. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

71. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

72. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

73. This claim was dismissed and this mooted allegation need not be admitted or

denied. This paragraph is accordingly denied.

76. This paragraph is denied.

74. This claim was dismissed and this mooted allegation need not be admitted or denied. This paragraph is accordingly denied.

75. This is an incorporation paragraph and Defendants incorporate their prior admissions and denials as if stated herein.

76. This paragraph is denied.

77. This paragraph is denied.

Defendants deny that Plaintiff should take anything by way of its Complaint, and Defendants as prevailing parties should be awarded their fees and costs in defending this suit. All allegations not otherwise expressly admitted above are denied.

## **AFFIRMATIVE DEFENSES**

By stating the below defenses, Defendants do not take on any burden of proof that is otherwise allocable to Plaintiff:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted

2. Plaintiff's claims fail for lack of personal jurisdiction.

3. Plaintiff's claims fail for lack of proper venue before this Court.

4. The declaratory relief claim lacks a justiciable case and controversy.

5. Plaintiff's claims fail because any rights by license or otherwise were terminated in writing in May 2018.

6. Plaintiff's claims fail because it is not a party to the relevant alleged contracts and lacks standing.

7. Plaintiff's claims are barred by the litigation privilege and First Amendment,

including because Plaintiff is simply seeking damages for Defendants providing the Alaska Images under protest while their rights were protected through defending this lawsuit. Plaintiff had the Alaska Images and if it chose not to use them, it did so because its assessment of the risks of doing so in light of this pending litigation. That the parties disagree on contract interpretation and are litigating that disagreement does not give rise to cognizable damages. *Alexsam, Inc. v. Green Dot Corp.*, 2016 U.S. Dist. LEXIS 173767, *7-8 (C.D. Cal. Dec. 13, 2016) (litigation privilege barred breach of contract claim based on theory that, by taking litigation-related position that license was not valid, itself breached the licensee's contractual obligations).

8. The unjust enrichment claim is barred because Defendants provided Plaintiff in July 2018 with copies of the Alaska Images, under protest, and did not receive compensation for the Alaska Shoot.

9. Plaintiff's state law claims lack supplemental or diversity jurisdiction.

10. Plaintiff's claims are barred by the doctrine of waiver.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

12. Plaintiff's claims are barred because it lacks copyright ownership and has not registered or (on information and belief) applied for registration of any of the subject works.

13. Plaintiff's claims fail because Plaintiff delayed in registering any copyrights with the United States Copyright Office.

14. To the extent asserting Defendants lack certain rights of use or have violated rights by making use of the subject works, Plaintiff's claims are barred by the doctrine of fair use.

15. Plaintiff's claims fail because Plaintiff has suffered no damages, or irreparable injury.

16. Plaintiff's claims fail because they are asserted against the wrong party(s).

17. Plaintiff's claims fail to the extent they seek injunctive relief, as there is no irreparable injury.

18. Plaintiff's claim for attorney's fees fails because there is no contractual fee provision concerning any of the disputed works that Defendants are bound to, and for failure to timely register any copyrights as required under the Copyright Act, including to support their requested declaratory relief in Paragraphs 57(a) and 57(g) of the Complaint.

19. Plaintiff's claim for multiple forms of damages is barred by the rule against double and multiple recoveries.

20. Plaintiff's unjust enrichment and breach of contract claims are barred as duplicative and covering the same subject matter.

21. Plaintiff is not entitled to non-economic damages for declaratory relief and claims that sound in contract, which are the only claims remaining in the Complaint.

22. Plaintiff is not entitled to prejudgment interest as the claims are not liquidated or readily calculable.

23. Plaintiff's claim for multiple forms of damages and relief are barred by the doctrine of election of remedies.

24. Defendants reserve the right to assert such additional affirmative defenses as discovery indicates are proper.

# **JURY DEMAND**

Defendants hereby demand a jury trial on issues so triable.

Dated: February 26, 2019

Respectfully submitted,

/s/ Ben L. Wagner
Ben L. Wagner
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Email: blwagner@mintz.com

Attorneys for Defendants
STAGE TWO NINE, a California corporation
and JUSTIN L'HEUREUX

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

jps@bhgrlaw.com, slv@bhgrlaw.com, and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name: N/A.

| | |
|---|---|
| Dated: February 26, 2019 | /s/ Ben L. Wagner |
| | Ben L. Wagner |
| | Attorneys for Defendants |
| | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C. |
| | 3580 Carmel Mountain Road, Suite 300 |
| | San Diego, CA 92130 |
| | Telephone: (858) 314-1500 |
| | Email: blwagner@mintz.com |